**FILED**
CLERK, U.S. DISTRICT COURT

JUNE 4 2019

CENTRAL DISTRICT OF CALIFORNIA
BY: _vdr_____ DEPUTY

1 William Turley, Esq. (122408)
David Mara, Esq. (230498)
2 Jamie Serb, Esq. (289601)
**THE TURLEY LAW FIRM, APLC**
3 7428 Trade Street
San Diego, California 92101
4 Telephone: (619) 234-2833
Facsimile: (619) 234-4048
5

6 Attorneys for KRISTINA MCCONVILLE,
on behalf of herself, all others similarly situated,
7 and on behalf of the general public.

8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

11 KRISTINA MCCONVILLE on behalf
of herself, all others similarly situated,
12 and on behalf of the general public,

13 Plaintiffs,

14 v.

15
RENZENBERGER, INC.; and DOES 1-
16 100,

17 Defendants.

Case No. 2:17-cv-02972-FMO-JC

**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND RESTITUTION**

1) **Failure to Pay All Straight Time Wages;**
2) **Failure to Pay Overtime;**
3) **Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512, IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(11); Cal. Code Regs., tit. 8 § 11090);**
4) **Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(12); Cal. Code Regs. Title 8 § 11090);**
5) ~~Knowing and Intentional Failure to~~ **Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175);**
6) **Failure to Pay All Wages Due at the Time of Termination of Employment (Lab. Code §§201-203);**
7) **Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.);**
8) **Violations of the Labor Code Private Attorneys General Act of 2004 ("PAGA").**

**DEMAND FOR JURY TRIAL**

AMENDED CLASS ACTION COMPLAINT         1

Plaintiffs KRISTINA MCCONVILLE, on behalf of herself, all others similarly situated, and on behalf of the general public, complains of Defendants and/or DOES and for causes of action and alleges:

1.  This is a class action pursuant to California Code of Civil Procedure section 382 on behalf of Plaintiff, KRISTINA MCCONVILLE, and all non-exempt, hourly truck workers, truck drivers, drivers, or similar job designations who are presently or formerly employed by RENZENBERGER, INC. and/or DOES and/or its subsidiaries or affiliated companies and/or predecessors and/or DOES, within the State of California.

2.  At all times mentioned herein, RENZENBERGER, INC. and/or DOES own and operate trucks, industrial trucks, industrial vehicles, and/or industrial work sites. At all times during the liability period, RENZENBERGER, INC. and/or DOES have conducted business in Sacramento County and elsewhere within California.

3.  At all times mentioned herein, RENZENBERGER, INC. and/or subsidiaries or affiliated companies and/or DOES, within the State of California, have, among other things, employed current and former non-exempt employees with job titles including, truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, and/or industrial workers (hereinafter "Non-Exempt Employees").

4.  At all times mentioned herein, the common policies and practices of RENZENBERGER, INC. and/or DOES was a direct cause of Defendants' failure to comply with California's wage and hours laws, Wage Orders, and/or the California Labor Code, as set forth more fully within.

5.  For at least four years prior to the filing of this action and through to the present, Defendants RENZENBERGER, INC. and/or DOES have had a consistent policy and/or practice of not paying Plaintiff and its Non-Exempt Employees for all of the hours they worked. Specifically, Defendants RENZENBERGER, INC. and/or DOES have had a continuous and widespread policy of "clocking-out" Plaintiff and those similarly situated for thirty (30) minute meal periods (referred to as "auto-meal deduct"), even though

Plaintiff and those similarly situated were suffered and/or permitted to work during these deduction periods, thereby deducting thirty (30) minutes of paid time, including straight time and overtime.

6.    For at least four years prior to the filing of this action and through to the present, Defendants RENZENBERGER, INC. and/or DOES have had a consistent policy and/or practice of failing to provide all straight time and overtime wages owed to Non-Exempt Employees, as mandated under the *California Labor Code* and the implementing rules and regulations of the Industrial Welfare Commission's ("IWC") California Wage Orders.

7.    For at least four years prior to the filing of this action and through to the present, Defendants RENZENBERGER, INC. and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work through meal periods and work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws, and automatically deducting a half hours pay from their wages.

8.    For at least four years prior to filing of this action and through the present, Defendants RENZENBERGER, INC. and/or DOES did not have a policy of allowing its hourly employees working shifts of ten (10) or more hours in a day to take a second meal period of not less than thirty (30) minutes as required by the applicable Wage Order of the IWC.

9.    For at least four years prior to the filing of this action and through to the present, Defendants RENZENBERGER, INC. and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work over ten (10) hours without providing an additional, uninterrupted meal period of thirty (30) minutes and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not

provided, or other compensation, as required by California's state wage and hour laws.

10.  For at least four years prior to the filing of this action and through to the present, Defendants RENZENBERGER, INC. and/or DOES have had a consistent policy and/or practice of requiring its Non-Exempt Employees within the State of California, including Plaintiff, to work for over four hours, or a major fraction thereof, without a 10 minute rest period, and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provide, or other compensation, as required by California's state wage and hour laws.

11.  For at least four years prior to the filing of this action and through to the present, Defendants RENZENBERGER, INC. and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to provide to Plaintiff and its Non-Exempt Employees, accurate itemized employee wage statements.

12.  For at least four years prior to the filing of this action and through to the present, Defendants RENZENBERGER, INC. and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to timely pay wages owed to Plaintiff and those Non-Exempt Employees who left Defendants RENZENBERGER, INC. and/or DOES' employ or who were terminated.

13.  For at least four years prior to the filing of this action and through to the present, RENZENBERGER, INC. and/or DOES, by failing to lawfully pay Plaintiff and those similarly situated all the wages they are owed, engaged in false, unfair, fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, *et seq*.

14.  RENZENBERGER, INC. and/or DOES' business is staffed, *inter alia*, by hourly employees that are truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or any similar hourly job designation or title, employed by Defendants in Sacramento County and throughout the State of

California.

15.     Throughout the statutory period, Plaintiff and similarly situated Non-Exempt Employees were employed by Defendants RENZENBERGER, INC. and/or DOES as industrial truck workers, industrial vehicle workers, and/or industrial workers and/or other hourly employees with similar job titles or designations.

16.     Throughout the statutory period, RENZENBERGER, INC. and/or DOES' employees, including Plaintiff and similarly situated Non-Exempt Employees, were not provided all straight time and overtime wages owed, meal periods and rest periods, or compensation in lieu thereof, as mandated under the *California Labor Code*, and the implementing rules and regulations of the Industrial Welfare Commissions ("IWC") California Wage Orders.

17.     Throughout the statutory period, RENZENBERGER, INC. and/or DOES' employees, including Plaintiff and similarly situated Non-Exempt Employees were not provided with accurate and itemized employee wage statements.

18.     RENZENBERGER, INC. and/or DOES failed to comply with Labor Code section 226, subdivision (a), by itemizing in wage statements all hourly compensation and accurately reporting total hours worked by Plaintiff and the members of the proposed class. Plaintiff and members of the proposed class are entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b).

19.     RENZENBERGER, INC. and/or DOES have failed to comply with IWC Wage Order 9-2001(7) by failing to maintain time records showing hourly compensation, when the employee begins and ends each work day and total daily hours worked by itemizing in wage statements and accurately reporting total hours worked by Plaintiff and members of the proposed class.

20.     RENZENBERGER, INC. and/or DOES' failure to retain accurate records of total hours worked by Plaintiff and the proposed class was willful and deliberate, was a continuous breach of RENZENBERGER, INC. and/or DOES' duty owed to Plaintiff and the proposed class.

21.  Throughout the statutory period, RENZENBERGER, INC. and/or DOES' employees, including Plaintiff and similarly situated Non-Exempt Employees, were not timely paid all wages owed to them at the time of termination.

22.  Defendants RENZENBERGER, INC. and/or DOES are and were aware that Plaintiff and members of the proposed Plaintiff Class were not paid all straight time and overtime wages owed, nor provided meal and rest periods. Defendants' and/or DOES' denial of wages and other compensation due to Plaintiff and members of the proposed Plaintiff class was willful and deliberate.

23.  Defendants RENZENBERGER, INC. and/or DOES each and collectively controlled the wages, hours, and working conditions of Plaintiff and the Class he seeks to represent, creating a joint-employer relationship over Plaintiff and the Class he seeks to represent.

24.  Plaintiff KRISTINA MCCONVILLE, on behalf of herself and all of RENZENBERGER, INC. and/or DOES' Non-Exempt Employees, brings this action pursuant to *California Labor Code* sections 226, subd. (b), 226.7. 510, 512, 558, 1194, and California Code of Regulations, Title 8, section 11090, seeking unpaid wages, overtime, meal and rest period compensation, penalties, injunctive and other equitable relief, relief under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), and reasonable attorneys' fees and costs.

25.  Plaintiff KRISTINA MCCONVILLE, on behalf of herself and all putative Class Members of RENZENBERGER, INC. and/or DOES' non-exempt employees, pursuant to *California Business and Professions Code* sections 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits RENZENBERGER, INC. and/or DOES enjoyed from their failure to pay all straight time wages, overtime wages, and meal and rest period compensation.

### I.   VENUE

26.  Venue as to each Defendant, RENZENBERGER, INC. and/or DOES, is proper in this judicial district, pursuant to Code of Civil Procedure section 395. Defendants

RENZENBERGER, INC. and/or DOES conduct business and commit Labor Code violations within Sacramento County, and each Defendant and/or DOE is within California for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within Sacramento County. Defendants RENZENBERGER, INC. and/or DOES employ numerous Class Members who work in Sacramento County, in California.

## II.     PARTIES

A.     Plaintiffs.

27.   At all relevant times herein, Plaintiff KRISTINA MCCONVILLE is and was a resident of California. At all relevant times herein, she was employed by Defendants RENZENBERGER, INC. and/or DOES within the last four years as a non-exempt truck worker, industrial truck worker, industrial truck driver, industrial vehicle driver, industrial worker and/or any similar job designation at RENZENBERGER, INC. and/or DOES in California. Throughout his employment with RENZENBERGER, INC. and/or DOES, KRISTINA MCCONVILLE was employed as a non-exempt truck worker, industrial truck worker, industrial truck driver, industrial vehicle driver, industrial worker, and/or any similar job designation.

28.   Plaintiff filed a Notice of Labor Code Violations Pursuant to Labor Code Section 2699.3 with the Labor and Workforce Development Agency ("LWDA"). To date, Plaintiff has not received notice that the LWDA will be taking action in response to Plaintiff's Notice.

29.   On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' RENZENBERGER, INC. and/or DOES' common company policies of failing to pay all straight time and overtime wages owed.

30.   On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' RENZENBERGER, INC. and/or DOES' common company policies of illegally deducting wages from employees.

31.   On information and belief, Plaintiff and all other members of the proposed Class

AMENDED CLASS ACTION COMPLAINT          7

experienced Defendants' RENZENBERGER, INC. and/or DOES' common policies and/or practices of failing to pay all straight time and overtime wages owed, auto-meal deduct, and providing no meal periods to employees working at least five (5) hours or any additional meal periods for working in excess of ten (10) hours, or compensation in lieu thereof.

32.    On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' RENZENBERGER, INC. and/or DOES' common company policies of failing to provide ten (10) minute paid rest breaks to employees whom worked four (4) hours or major fraction thereof.

33.    On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' RENZENBERGER, INC. and/or DOES' common company policies of failing to provide Non-Exempt Employees with accurate itemized wage statements. On information and belief, Defendants and/or DOES' failure to provide to their Non-Exempt Employees, including Plaintiff, with accurate itemized wage statements was willful.

34.    On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants' RENZENBERGER, INC. and/or DOES' common company policies of failing to timely compensate Non-Exempt Employees all wages owed upon termination. On information and belief, Defendants and/or DOES' failure to pay Non-Exempt Employees, including Plaintiff, in a timely manner, compensation owed to them upon termination of their employment with RENZENBERGER, INC. and/or DOES was willful.

35.    On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants RENZENBERGER, INC. and/or DOES' fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, *et seq*.

36.    Plaintiff and the proposed class she seeks to represent are covered by, inter alia,

California IWC Occupational Wage Order Nos. 9-1998, 9-2000, and 9-2001, and Title 8, California Code of Regulations, §11090.

**B.**   **Defendants**.

37.   RENZENBERGER, INC. and/or DOES own and operate trucks, industrial trucks, industrial vehicles, and/or industrial work sites, and, at all times during the liability period, have conducted business in Sacramento County and elsewhere within California. At these work sites and throughout California, Defendants RENZENBERGER, INC. and/or DOES have, among other things, employed persons as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations.

38.   RENZENBERGER, INC. and/or DOES' employed Plaintiff and members of the proposed Class throughout the statutory liability period as non-exempt truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations. On information and belief, RENZENBERGER, INC. and/or DOES' employed Plaintiff and members of the proposed Class on an hourly basis within California. On information and belief, RENZENBERGER, INC. and/or DOES exercised control over the wages, hours, and/or working conditions of Plaintiff and members of the proposed class.

39.   RENZENBERGER, INC. and/or DOES' principal place of business is in the State of California. RENZENBERGER, INC. and/or DOES have numerous office and/or contacts in the State of California. California is the nerve center of RENZENBERGER, INC. and/or DOES operations.

40.   The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1-100, inclusive, are presently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the

1  unlawful acts referred to herein. Plaintiff will seek leave of court to amend this

2  Complaint to reflect the true names and capacities of the Defendants designated

3  hereinafter as DOES when such identities become known.

4  41.  Plaintiff is informed and believes, and based thereon alleges, that each Defendant and/or

5  DOE acted in all respects pertinent to this action as the agent of the other Defendants

6  and/or DOES, carried out a joint scheme, business plan or policy in all respects pertinent

7  hereto, and the acts of each Defendants and/or DOES are legally attributable to the other

8  Defendants and/or DOES.

9  **III.  CLASS ACTION ALLEGATIONS**

10 42.  Plaintiff brings this action on behalf of themselves and all others similarly situated as a

11  class action pursuant to section 382 of the California Code of Civil Procedure. Plaintiff

12  seeks to represent a Class composed of and defined as follows:

13  All persons who are employed or have been employed by

14  Defendants in the State of California as hourly, Non-Exempt truck

15  workers, industrial truck workers, industrial truck drivers,

16  industrial vehicle drivers, industrial workers, and/or other similar

17  job designations and titles during the period of the relevant statute

18  of limitations.

19  Plaintiff also seeks to represent a Subclass composed of and defined as follows:

20  All persons who are or have been employed by

21  RENZENBERGER, INC. and/or DOES in the State of California

22  as truck workers, industrial truck workers, industrial truck drivers,

23  industrial vehicle drivers, industrial workers, and/or other similar

24  job designations and titles during the period of the relevant statute

25  of limitations, who worked one or more shifts in excess of 5 hours.

26

27

28  All persons who are or have been employed by

AMENDED CLASS ACTION COMPLAINT        10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RENZENBERGER, INC. and/or DOES in the State of California
as truck workers, industrial truck workers, industrial truck drivers,
industrial vehicle drivers, industrial workers, and/or other similar
job designations and titles during the period of the relevant statute
of limitations, who worked one or more shifts in excess of 6 hours.

All    persons    who    are    or    have    been    employed    by
RENZENBERGER, INC. and/or DOES in the State of California
as truck workers, industrial truck workers, industrial truck drivers,
industrial vehicle drivers, industrial workers, and/or other similar
job designations and titles during the period of the relevant statute
of limitations, who worked one or more shifts in excess of 10
hours.

All    persons    who    are    or    have    been    employed    by
RENZENBERGER, INC. and/or DOES in the State of California
as truck workers, industrial truck workers, industrial truck drivers,
industrial vehicle drivers, industrial workers, and/or other similar
job designations and titles during the period of the relevant statute
of limitations, who worked one or more shifts in excess of 12
hours.

All persons who are or have been employed by RENZENBERGER, INC.
and/or DOES in the State of California as truck workers, industrial truck
workers, industrial truck drivers, industrial vehicle drivers, industrial
workers, and/or other similar job designations and titles during the period

1    of the relevant statute of limitations, who worked one or more shifts in

2    excess of 3 hour and one-half hours, but less than or equal to 6 hours.

3

4

5    All persons who are or have been employed by RENZENBERGER, INC.

6    and/or DOES in the State of California as truck workers, industrial truck

7    workers, industrial truck drivers, industrial vehicle drivers, industrial

8    workers, and/or other similar job designations and titles during the period

9    of the relevant statute of limitations, who worked one or more shifts in

10   excess of 6 hours, but less than or equal to 10 hours.

11

12

13   All persons who are or have been employed by RENZENBERGER, INC.

14   and/or DOES in the State of California as truck workers, industrial truck

15   workers, industrial truck drivers, industrial vehicle drivers, industrial

16   workers, and/or other similar job designations and titles during the period

17   of the relevant statute of limitations, who worked one or more shifts in

18   excess of 10 hours.

19

20

21

22   All persons who are or have been employed by RENZENBERGER, INC.

23   and/or DOES in the State of California as truck workers, industrial truck

24   workers, industrial truck drivers, industrial vehicle drivers, industrial

25   workers, and/or other similar job designations and titles during the period

26   of the relevant statute of limitations, who separated their employment

27   from Defendant.

28

> All persons who are or have been employed by RENZENBERGER, INC.
> and/or DOES in the State of California as truck workers, industrial truck
> workers, industrial truck drivers, industrial vehicle drivers, industrial
> workers, and/or other similar job designations and titles during the period
> of the relevant statute of limitations, who worked one or more shifts in
> which they received a wage statement for the corresponding pay period.

> All persons who are or have been employed by
> RENZENBERGER, INC. and/or DOES in the State of California
> as truck workers, industrial truck workers, industrial truck drivers,
> industrial vehicle drivers, industrial workers, and/or other similar
> job designations and titles during the period of the relevant statute
> of limitations, who were subject to auto-deduct, when they were
> not relieved of all duties.

43. Plaintiff reserves the right under rule 1855, subdivision (b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

44. This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A.  **Numerosity**.

45. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has

not been determined at this time, Plaintiff is informed and believes that RENZENBERGER, INC. and/or DOES currently employ, and during the liability period employed, over fifty employees, all in the State of California, in positions as RENZENBERGER, INC. and/or DOES' non-exempt employees that are truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles in Sacramento County and dispersed throughout California during the liability period and who are or have been affected by RENZENBERGER, INC. and/or DOES' policies of wage theft, failure to pay all straight and overtime wages owed, failure to provide meal and/or rest periods without the appropriate legal compensation, willful failure to pay all wages due at time of separation from employment, failure to timely pay waiting time monies, and knowing and intentional failure to provide accurate and itemized employee wage statements.

46. Accounting for employee turnover during the relevant periods increases this number substantially. Upon information and belief, Plaintiff alleges RENZENBERGER, INC. and/or DOES' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

**B.    Commonality.**

47. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

      (1)    Whether RENZENBERGER, INC. and/or DOES violated the *Labor Code* and/or applicable IWC Wage Orders in failing to pay employees all earned wages at the regular rate for all hours worked.

      (2)    Whether RENZENBERGER, INC. and/or DOES' violated the *Labor Code* and/or applicable IWC Wage Orders in automatically deducting thirty (30) minutes from its Non-Exempt Employees for each

day worked – regardless of whether the Non-Exempt Employees were relieved of all duties for thirty (30) minutes.

(3)     Whether RENZENBERGER, INC. and/or DOES violated *Labor Code* section 226.7, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, by failing to authorize, permit, and/or provide rest periods to employees for every four (4) hours or major fraction thereof worked and/or failing to pay said employees one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

(4)     Whether RENZENBERGER, INC. and/or DOES violated *Labor Code* sections 226, 1174, 1175 and IWC Wage Order No. 9-2001 subsections (7)(a), (7)(b), (7)(c) by knowingly, intentionally, and willfully failing to, among other things, accurately report compensation owed for rest period violations.

(5)     Whether RENZENBERGER, INC. and/or DOES willfully failed to pay, in a timely manner, wages owed to members of the proposed Class who left RENZENBERGER, INC. and/or DOES' employ or who were terminated.

(6)     Whether RENZENBERGER, INC. and/or DOES violated *Labor Code* section 203, which provides for the assessment of a penalty against the employer, by willfully failing to timely pay all wages owed to employees who left RENZENBERGER, INC. and/or DOES' employ or who were terminated.

(7)     Whether RENZENBERGER, INC. and/or DOES violated section 17200, et seq. of the *California Business and Professions Code* by failing to pay all straight and overtime wages owed, failing to provide rest

periods without compensating proposed Class Members one (1) hour's pay for every day such periods were not provided, failing to pay all wages due upon termination of employment, and failing to keep accurate records of Class Members' compensation owed.

(8)      Whether RENZENBERGER, INC. and/or DOES had uniform policies and/or practices of failing to pay employees all earned wages at the regular rate for all hours worked.

(9)      Whether RENZENBERGER, INC. and/or DOES had uniform policies and/or practices of automatically deducting thirty (30) minutes from its Non-Exempt Employees for each day worked – regardless of whether the Non-Exempt Employees were relieved of all duties for thirty (30) minutes.

(10)      Whether RENZENBERGER, INC. and/or DOES' uniform policy of automatically deduction thirty (30) minutes from its Non-Exempt Employees for each day worked – regardless of whether the Non-Exempt Employees were relieved of all duties for thirty (30) minutes – violated the *Labor Code* and Wage Orders.

(11)      Whether RENZENBERGER, INC. and/or DOES had uniform policies and/or practices of failing to authorize, permit, and/or provide rest periods to employees for every four (4) hours or major fraction thereof worked and/or failing to pay said employees one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

(12)      Whether RENZENBERGER, INC. and/or DOES had uniform policies and/or practices of failing to provide employees accurate and itemized wage statements.

(13)      Whether RENZENBERGER, INC. and/or DOES had

1  uniform policies and/or practices of failing to timely pay all wages owed

2  to employees who left RENZENBERGER, INC. and/or DOES' employ or

3  who were terminated.

4      (14)    Whether RENZENBERGER, INC. and/or DOES' uniform

5  policies violate Wage Order No. 9-2001 and *Labor Code* section 226.7.

6      (15)    Whether RENZENBERGER, INC. and/or DOES wrongly

7  converted Plaintiff's and proposed Class members' wages and/or monies

8  to their own use.

9      (16)    Whether    RENZENBERGER,    INC.    and/or    DOES

10  fraudulently represented to Plaintiff and members of the proposed Class

11  that all wages would be paid in order to induce Plaintiff and the Class he

12  seeks to represent into believing all wages would be paid and to induce

13  Plaintiff and the Class he seeks to represent to work for longer hours.

14      (17)    Whether RENZENBERGER, INC. and/or DOES have been

15  unjustly enriched by wrongfully and unlawfully failing to pay Plaintiff and

16  members of the proposed Class wages they are owed.

17

18      (18)    Whether RENZENBERGER, INC. and/or DOES violated

19  *Labor Code* sections 226.7 and 512, IWC Wage Order No. 9-2001 or

20  other applicable IWC Wage Orders and California Code of Regulations,

21  Title 8, section 11090, by not relieving Non-Exempt Employees from all

22  duties during a 30-minute meal period and not counting the time as time

23  worked.

24      (19)    Whether RENZENBERGER, INC. and/or DOES violated

25  Cal. Code Regs. tit. 8, § 11090, subds. 11(B) by not providing second

26  meal periods to Plaintiff and members of the proposed Class.

27      (20)    Whether RENZENBERGER, INC. and/or DOES violated

28  *Labor Code* sections 226.7 and 512, IWC Wage Order No. 9-2001 or

other applicable IWC Wage Orders and California Code of Regulations, Title 8, section 11090, by failing to provide meal periods to Non-Exempt Employees per every (5) hours of continuous work and/or failing to pay said employees one hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

(21)    Whether RENZENBERGER, INC. and/or DOES' uniform policies of establishing and scheduling routes to be completed in overly demanding time frames resulted in RENZENBERGER, INC. and/or DOES not providing meal and rest breaks, in that said policies pressured its Non-Exempt Employees to complete their routes and/or assigned tasks within rigorous time frames and not take meal and rest breaks and/or not legally provide meal periods.

(22)    Whether RENZENBERGER, INC. and/or DOES' uniform policies of establishing and scheduling routes and/or assigning tasks to be completed in overly demanding time frames resulted in RENZENBERGER, INC. and/or DOES pressuring its Non-Exempt Employees to complete their routes and/or tasks within the rigorous time frames and not take meal breaks.

(23)    Whether RENZENBERGER, INC. and/or DOES' uniform policies of establishing and scheduling routes and/or assigning tasks to be completed in overly demanding time frames resulted in RENZENBERGER, INC. and/or DOES discouraging its Non-Exempt Employees from taking meal periods.

(24) Whether RENZENBERGER, INC. and/or DOES' uniform policies of establishing and scheduling routes and/or assigning tasks to be completed in overly demanding time frames resulted in RENZENBERGER, INC. and/or DOES impeding its Non-Exempt

Employees from taking meal periods.

(25)    Whether RENZENBERGER, INC. and/or DOES' uniform policies of establishing and scheduling routes and/or assigning tasks to be completed in overly demanding time frames resulted in RENZENBERGER, INC. and/or DOES pressuring its Non-Exempt Employees to forego taking meal periods.

(26)    Whether RENZENBERGER, INC. and/or DOES' had a pattern and practice of pressuring its Non-Exempt Employees to complete routes and/or assigned tasks within time frames that made it impractical for Non-Exempt Employees to be relieved of all duties for thirty (30) minute meal periods and/or ten (10) minute rest breaks.

(27)    Whether the inexistence of a policy allowing a second meal period in shifts of over five (5) hours resulted in RENZENBERGER, INC. and/or DOES Non-Exempt Employees not being provided a second meal period in accordance with the *Labor Code* and Wage Orders.

(28)    Whether the inexistence of a policy allowing a third rest period in shifts of over ten (10) hours resulted in RENZENBERGER, INC. and/or DOES' Non-Exempt Employees not being authorized and permitted to take a rest period in shifts of over ten (10) hours in accordance with the *Labor Code* and Wage Orders.

(29)    Whether RENZENBERGER, INC. and/or DOES had a uniform policy of failing to pay Non-Exempt Employees for all straight and overtime wages owed.

(30)    Whether RENZENBERGER, INC. and/or DOES violated *Labor Code* sections 510, 1194, and other provisions by shaving time and failing to pay all straight time and overtime wages owed.

48.    The answer to each of these respective questions will generate a common answer capable

of resolving class-wide liability in one stroke.

49.   Each of said respective work practices and/or policies were uniform throughout all of
      RENZENBERGER, INC. and/or DOES' California locations during the class period.

50.   Said common questions predominate over any individualized issues and/or questions
      affecting only individual members.

**C.    Typicality.**

51.   The claims of the named Plaintiff are typical of the claims of the proposed Class.
      Plaintiff and all members of the proposed Class sustained injuries and damages arising
      out of and caused by RENZENBERGER, INC. and/or DOES' common course of conduct
      in violation of laws and regulations that have the force and effect of law and statutes as
      alleged.

52.   Plaintiffs KRISTINA MCCONVILLE was subjected to the same uniform policies and/or
      practices that affected all such employees.

53.   Throughout the statutory period, RENZENBERGER, INC. and/or DOES' uniform
      policies and/or practices resulted in said employees not being compensated for all straight
      time and overtime wages.

54.   Throughout the statutory period, RENZENBERGER, INC. and/or DOES' had uniform
      policies and/or practices of automatically deducting thirty (30) minutes from its
      employees for each day worked, regardless of whether the employees were relieved of all
      duties for thirty (30) minutes, resulted in said employees not being compensated for all
      earned wages

55.   As a result of RENZENBERGER, INC. and/or DOES' uniform policies and/or practices
      of automatic deductions and not paying all wages, Plaintiff and said truck workers,
      industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial
      workers, and/or other similar job designations and titles were not paid the wages owed to
      them. Thus, Plaintiff and truck workers, industrial truck workers, industrial truck drivers,